```
                   IN THE UNITED STATES DISTRICT COURT

                       FOR THE DISTRICT OF HAWAII
```

JOSEPH LOUIS DEMORUELLE and    )    CIVIL 17-00077 LEK-KJM
SANDRA LEE DEMORUELLE,         )
                               )
         Plaintiffs, Pro Se    )
                               )
    vs.                        )
                               )
DEPARTMENT OF VETERANS'        )
AFFAIRS,                       )
                               )
         Defendant.            )
_____)

## ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT

Before the Court is pro se Plaintiffs Joseph Louis Demoruelle and Sandra Lee Demoruelle's ("Plaintiffs") Motion for Summary Judgment ("Motion"), filed on March 20, 2017. [Dkt. no. 14.] Defendant the Department of Veterans Affairs ("the VA") filed its memorandum in opposition on June 20, 2017, and Plaintiffs filed their reply on June 27, 2017. [Dkt. nos. 32, 33.] The Court finds this matter suitable for disposition without a hearing pursuant to Rule LR7.2(d) of the Local Rules of Practice of the United States District Court for the District of Hawai`i ("Local Rules"). Plaintiffs' Motion is hereby granted in part and denied in part for the reasons set forth below.

## BACKGROUND

This case is just one of many suits that Plaintiffs have filed against the VA. See, e.g., Demoruelle v. Dep't of Veterans' Affairs, CV 16-00562 LEK-KJM; Demoruelle v. Dep't of

Veterans Affairs, CV 15-00246 LEK-KSC. Plaintiffs filed their Complaint for Declaratory and Injunctive Relief ("Complaint") on February 21, 2017. [Dkt. no. 1.] The Complaint alleges that the VA has failed to adhere to the Freedom of Information Act's ("FOIA"), 5 U.S.C. § 552, twenty-day deadline for responding to appeals of denials of fee waiver requests. [Id. at ¶ 2.] Plaintiffs state that the "FOIA Officer" at the Veterans Affairs Pacific Islands Health Care System ("VAPIHCS") denied a search fee waiver request on: December 19, 2016 ("12/19/16 FOIA Fee Waiver Denial"); December 21, 2016 ("12/21/16 FOIA Fee Waiver Denial"); December 23, 2016 ("12/23/16 FOIA Fee Waiver Denial"); January 4, 2017 ("1/4/17 FOIA Fee Waiver Denial"); and January 10, 2017 ("1/10/17 FOIA Fee Waiver Denial"). [Id. at ¶ 3.] Plaintiffs further allege that, while they have received acknowledgments that the VA Office of General Counsel has received their appeals of these decisions, they have not received decisions on the appeals within the twenty-day statutory deadline.[1] [Id. at ¶ 4.]

---

[1] Plaintiffs provided the Court with the VA's acknowledgments of receipt of the appeals. See Plaintiff's Concise Statement of Facts in Support of Motion, filed 3/20/17 (dkt. no. 17), Exh. 1 (notice of receipt of appeal of 1/10/17 FOIA Fee Waiver Denial); id., Exh. 2 (notice of receipt of appeal of 1/4/17 FOIA Fee Waiver Denial); id., Exh. 3 (acknowledgment of receipt of appeal of 12/23/16 FOIA Fee Waiver Denial); id., Exh. 4 (acknowledgment of receipt of 12/21/16 FOIA Fee Waiver Denial; id., Exh. 5 (acknowledgment of receipt of 12/19/16 FOIA Fee Waiver denial). All of the acknowledgments from the VA are
(continued...)

Plaintiffs submit that they are entitled to the fee waivers because the information they are requesting is in the public interest.  [Id. at ¶ 15.]  Plaintiffs bring a single claim against the VA and ask the Court to find that the VA has not responded to the FOIA fee waiver requests in the required time, and that the VA has therefore waived any right to a fee from Plaintiffs or any requirement that Plaintiffs justify how their FOIA requests are in the public interest ("Count I").  [Id. at ¶ 19.]  In addition to waiver of the search fees, Plaintiffs essentially seek:  an order enjoining the VA from withholding responsive records sought pursuant to FOIA or the Privacy Act ("PA"), 5 U.S.C. § 552a; an order enjoining the VA from engaging in a "pattern and practice of no agency response or delayed response"; attorneys' fees and costs; and other relief the court deems appropriate.  [Id. at ¶¶ 20(a)-(f).]  The Motion seeks summary judgment on Count I, the requested injunctive relief, and costs of this suit.  [Motion at 1-2.]

**DISCUSSION**

Plaintiffs are proceeding pro se, and the Court must construe their filings liberally.  See, e.g., Pregana v. CitiMortgage, Inc., Civil No. 14-00226 DKW-KSC, 2015 WL 1966671, at *2 (D. Hawai`i Apr. 30, 2015) ("The Court liberally construes

---

[1](...continued)
dated January 2016, although it is clear to the Court that this is an oversight, and that they should be dated 2017.

the [plaintiffs'] filings because they are proceeding pro se."
(citing Eldridge v. Block, 832 F.2d 1132, 1137 (9th Cir. 1987))).
Section 552(a)(6)(A) states:

> Each agency, upon any request for records made under paragraph (1), (2), or (3) of this subsection,[2] shall –
>
> . . . .
>
> (ii) make a determination with respect to any appeal within twenty days (excepting Saturdays, Sundays, and legal public holidays) after the receipt of such appeal. If on appeal the denial of the request for records is in whole or in part upheld, the agency shall notify the person making such request of the provisions for judicial review of that determination under paragraph (4) of this subsection. . . .

The VA concedes that it did not respond to Plaintiffs' appeals within the required time, and represents that, "[f]or the purposes of this action, the VA . . . will drop any attempt to seek fees for the subject requests."[3]  [Mem. in Opp at 2-3.]

---

[2] The Complaint states that Plaintiffs seek fee waivers for documents related to the "policies and procedures in place" so that they can compare them "to the actual operations and activities at the VAPIHCS FOIA Office." [Complaint at ¶ 13.] Thus, for purposes of the instant action, Plaintiffs' records requests fall under § 552(a)(1), which covers requests for "statements of general course and method," "rules of procedure," and "rules of general applicability." See § 552(a)(1)(A)-(E).

[3] Because the VA concedes that it did not provide Plaintiffs with a decision on their appeals in the required time and that it will waive any fees for the relevant requests, the Court does not need to address Plaintiffs' argument that they are entitled to a fee waiver because disclosure of the information would be in the public interest. See Mem. in Supp. of Motion at 20-25; 5 U.S.C.

(continued...)

Moreover, the VA states that "[P]laintiffs are entitled to recover the reasonable costs expended in pursuit of their action in federal court." [Id. at 3.] The Court agrees. Accordingly, there is no question of material fact, and Plaintiffs are entitled to judgment as a matter of law on Count I. See Fed. R. Civ. P. 56(a). Plaintiffs must submit a Bill of Costs within fourteen days of entry of judgment in this case. See Local Rule LR54.2(b).

 The Court may not grant any of the other requested relief. In addition to a FOIA fee waiver, Plaintiffs seek an order: enjoining the VA "from withholding responsive agency records under Plaintiffs' FOIA/PA requests in the future"; and enjoining the VA from engaging in a "pattern and practice of no agency response or delayed response to Plaintiffs' FOIA/PA requests." [Complaint at ¶¶ 20(b)-(c).] The Complaint states a single claim for a FOIA fee waiver for the aforementioned appeals. See Complaint at ¶ 19 ("The suit concerns only the issues of whether [the VA] properly handled Plaintiffs' fee waiver requests"). There is no allegation pursuant to FOIA or any other statute, including the Privacy Act, that the VA has

---

[3](...continued)
§ 552(a)(4)(A)(iii) ("Documents shall be furnished without any charge or at a charge reduced below the fees established . . . if disclosure of the information is in the public interest because it is likely to contribute significantly to public understanding of the operations or activities of the government and is not primarily in the commercial interest of the requester.").

wrongfully withheld any documents.[4]  Consequently, Plaintiffs have provided no grounds upon which the Court may grant the requested relief.  Finally, while the Motion only seeks costs of the instant suit, the Complaint also seeks attorneys' fees. [Complaint at ¶ 20(e).]  It is well-established that "a *pro se* litigant who is not a lawyer is not entitled to attorney's fees." Kay v. Ehrler, 499 U.S. 432, 435 (1991) (emphasis and footnote omitted).  Accordingly, insofar as the Motion seeks such relief, it is denied.

## **CONCLUSION**

On the basis of the foregoing, pro se Plaintiffs Joseph Louis Demoruelle and Sandra Lee Demoruelle's Motion for Summary Judgment, filed on March 20, 2017, is HEREBY GRANTED IN PART AND DENIED IN PART.  It is granted insofar as Plaintiffs are entitled to summary judgment on Count I and litigation costs.  It is denied insofar as Plaintiffs request any additional relief.

---

[4] In support of the Motion, Plaintiffs state that "[t]hese records requested under FOIA have not been produced because [the VA] ha[s] denied a fee waiver of imposed search fees," and has not responded to Plaintiffs' appeal in the required time. [Mem. in Supp. of Motion at 9.]  "A plaintiff may not amend her complaint through argument in a brief opposing summary judgment or one advocating summary judgment." Am. Fed'n of State, Cty., and Mun. Emps. Council 79 v. Scott, 717 F.3d 851, 863 (11th Cir. 2013) (citation and internal quotation marks omitted).  In addition, in their reply, Plaintiffs allege that the VA has failed to respond to a number of their FOIA requests. [Reply at 5-6.]  "Any argument raised for the first time in the reply shall be disregarded."  Local Rule LR7.4.  Thus, any claim for failure to produce documents pursuant to a FOIA request is not presently before the Court, and may not be considered here.

There being no remaining claims in this case, the Court DIRECTS the Clerk's Office to enter final judgment and close this case on **September 11, 2017,** unless Plaintiffs file a motion for reconsideration of this Order by **September 5, 2017**.

    IT IS SO ORDERED.

    DATED AT HONOLULU, HAWAII, August 21, 2017.



    /s/ Leslie E. Kobayashi
    Leslie E. Kobayashi
    United States District Judge

**JOSEPH LOUIS DEMORUELLE, ET AL. VS. DEPARTMENT OF VETERANS' AFFAIRS; CIVIL 17-00077 LEK-KJM; ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT**